STAGG, MATHER & HOUGH, Plaintiff and Appellant, *v.* SOL LUIS DESCARTES, SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellee.

No. 10792. Argued June 1, 1955.—Decided December 12, 1955.

*Brown, Newsom & Córdova* for appellant. *J. B. Fernández Badillo, Acting Attorney General*, and *Manuel J. Medina Aymat, Assistant Attorney General,* for appellee.

JUDGMENT

San Juan, Puerto Rico, December 12, 1955.

Having examined the record in this case, and having considered the questions raised by appellant in its brief, the Court hereby affirms the judgment appealed from entered by the Superior Court, San Juan Part, on June 30, 1952, in the above entitled case.

It was thus decreed by the Court as witness the signature of the Chief Justice. Mr. Justice Pérez Pimentel dissented and Mr. Justice Sifre took no part.

(s) A. C. SNYDER,
Chief Justice

I attest:
(s) IGNACIO RIVERA,
Secretary

---

Opinion of Mr. Justice Marrero in which Mr. Chief Justice Snyder concurs.

San Juan, Puerto Rico, December 12, 1955.

In the complaint filed before the former Tax Court, Stagg, Mather & Hough, plaintiff, essentially alleges that it is a professional partnership established in New York, with its main office in that state and with branches in Havana, Cuba, and San Juan, Puerto Rico; that from 1942 to 1947, both years included, it did business in Puerto Rico, Morris B. Manwaring being its only resident member and the other members not being residents or citizens of Puerto Rico; that in August 23, 1949, defendant, as Treasurer of Puerto Rico (now Secretary of the Treasury), notified plaintiff of a deficiency and within the period of time fixed by law the partnership filed a motion for reconsideration and administrative hearing which was dismissed, the deficiencies notified amounting to $17,298.15; that such deficiencies do not represent partnership taxes, but taxes which defendant

claims should have been withheld at the source by plaintiff and which were computed at the rates fixed by law for non-resident persons not citizens of Puerto Rico, including even the profits distributed to the resident member Manwaring;[1] that in each one of the tax years 1942 to 1947 the partner-ship's income (in Puerto Rico) was less than 20 per cent of the gross income from all its sources; that the deficiencies notified are erroneous and illegal, insofar as they are based on an alleged obligation on the part of plaintiff to withhold and pay defendant the taxes on the share that each non-resident member has in the partnership profits derived from sources within Puerto Rico because according to the pro-visions of § 19 (a) (2) of the Income Tax Act (Sess. Laws, p. 400), as amended in 1941 (Sess. Laws, p. 478), when less than 20 per cent of the partnership's gross income has been derived from sources within Puerto Rico, the entity dis-tributing them has no obligation to withhold any tax on the profits paid to nonresident members; that in each one of the years 1942 to 1947, plaintiff has paid the tax levied on partnership net profits; that under the laws of the State of New York, plaintiff is not a legal entity and our Legisla-tive Assembly lacks power to change the nature of the com-plaining partnership and to transform it into such an entity; that all the taxes levied upon and collected from plaintiff during the years aforementioned are, in every respect, taxes on income and profits, not from the partnership itself, but from its individual members; that taxes thus levied con-stitute a double taxation, and are likewise confiscatory and illegal; and that, moreover, the collection of taxes from non-resident citizens at a higher rate than the one fixed for resi-dent members infringes the provisions of § 2 of the Organic Act of Puerto Rico, as amended by the Act of Congress of August 5, 1947.[2]

---

[1] It appears from the record that the Secretary of the Treasury admitted that plaintiff was not obliged to withhold any amount for Man-waring's taxes.

Defendant answered admitting certain facts, denying others and affirmatively alleging that plaintiff is a domestic professional partnership and that its income is wholly derived from sources within Puerto Rico; that the taxes sought to be collected should have been withheld at the source by plaintiff, from payments made by it to foreign citizens, nonresidents of Puerto Rico; that plaintiff's income is entirely derived from sources within Puerto Rico, and therefore, the distribution it made of its profits to foreign nonresident persons are subject to tax payment at the source; that we are dealing here with a domestic professional partnership which derives 100 per cent of its income from sources within Puerto Rico; and that plaintiff is prevented from considering itself a foreign partnership since upon filing its income tax return it has consistently considered itself a domestic partnership, having enjoyed, for that reason, the benefit of the rates in force for domestic partnerships.

The issue thus joined, the case went to trial and the parties introduced oral and documentary evidence. The former Tax Court, through Judge Santana Becerra, rendered an exhaustive and reasoned opinion setting forth the following findings of fact:

"(1) On July 1, 1937, nine individuals including Morris B. Manwaring, the latter a resident of Santurce, Puerto Rico, *organized a professional partnership* in the State of New York, under the name of Stagg, Mather & Hough to offer their professional services as public accountants and comptrollers within and outside the United States. They agreed, among other things, on the share each one should contribute to the partner-

---

[2] In *Postley* v. *Secretary of the Treasury*, 75 P.R.R. 822, this Court decided that "Sections 12, 13, 18 and 19 of the Income Tax Act, insofar as they tax nonresident U. S. citizens who are citizens of a state of the Union at a higher rate than they tax resident U. S. citizens and allow personal exemptions and credits for dependents to residents not allowed to nonresidents, abridge the privileges and immunities clause of § 2 of the Organic Act and are invalid to that extent as applied to incomes received or earned subsequent to August 5, 1947."

ship's capital, the annual compensation as salary to be received by the copartners, as well as the manner in which the profits would be distributed. This partnership functioned until July 1, 1943, at which time other members were admitted, and continued operating with some amendments to its contract throughout the years herein involved.

"(2) The partnership performed activities in Puerto Rico from 1942 to 1947 and the gross income obtained by it from its activities in Puerto Rico was less than 20 per cent of its total gross income, as such total gross income was reported for the purposes of the federal income tax. In 1942 that per cent amounted to 12.95 per cent; in 1943 to 13.12; 14.48 in 1944; 13.84 in 1945; 12.04 in 1946 and 12.32 per cent in 1947.

"(3) During the years in controversy the partnership's activities in Puerto Rico were taken care of or taken care of and performed by the member Morris B. Manwaring, permanently residing here, who signed as a regular member the income tax returns which the partnership filed in Puerto Rico. These income tax returns were submitted in the forms prepared for partnership returns. Stagg, Mather & Hough, with main office in the 'Bank of Nova Scotia', San Juan, Puerto Rico, appears as the taxpayer. . . .

"(4) .     .     .     .     .     .     .     .

"(5) During the years in controversy the San Juan office paid compensation for services rendered by nonresident persons not citizens of Puerto Rico. When the local net income was computed, such compensations were deducted as expenses and the San Juan office properly paid the taxes withheld at the source. These taxes withheld at the source for such purposes and which devolved on other taxpayers are not a part of the taxes which should have been withheld and which are the object of the controversy in this case.

"(6) The expenses incurred by the office representing the partnership in Puerto Rico, including the salaries of member Manwaring, were not directly paid by the partnership in New York, but independently from the main office and from the other branches the office in Puerto Rico determined the *net profit* of its activities in the Island after deducting the expenses of operation and other local expenses directly deductible from the local gross income.

"(7) The net income obtained by Stagg, Mather & Hough in Puerto Rico and for which it paid income tax in this Island

amounted to $266 in 1942; $11,120.24 in 1943; $15,510.67 in 1944; $14,944.19 in 1945; $12,811.63 in 1946 and $5,138.08 in 1947. The difference between these amounts and the local income tax paid by the partnership represents the amount which the Treasurer considered as profit distributable among the members and which he used as a basis for the assessment of the deficiencies for these years."

In its conclusions of law the court said that plaintiff's theory is that since the entity in question is a partnership organized outside Puerto Rico doing business in and outside the Island, and since its gross income (in Puerto Rico) during the years in controversy amounts to less than 20 per cent of its income derived from all its activities, its non-resident members are not obliged to pay any tax, pursuant to the provisions of § 19 of the Income Tax Act and, therefore, there is no obligation to withhold at the source any tax on these profits. The court continued, saying that defendant's theory is that plaintiff is a domestic partnership which obtained 100 per cent of its gross income within the Island of Puerto Rico and that, consequently, any amount paid to nonresident members not citizens of Puerto Rico as their share in the partnership profits is subject to taxation, and such tax must be withheld at the source. Furthermore, the trial court said that, based on the evidence before it, it could not agree with defendant in that Stagg, Mather & Hough was a domestic partnership and that it could not anticipate judgment as to whether or not the latter was one of the entities contemplated by the Tax Act; that since in the suit under consideration there was no need to determine whether plaintiff should have paid tax as a partnership at the rate fixed by § 28(a) of the Act [3] and not at the lesser rate

---

[3] Section 28(a) of the Act, as amended by Act No. 88 of May 8, 1945 (Sess. Laws, p. 312), provides that:

"There shall be levied, collected and paid for each taxable year on the net income of every corporation or partnership a normal tax of twenty-two (22) per cent on the net income in excess of the credit provided for in Section 34(a), except that domestic corporations and partnerships shall pay a normal tax of twenty (20) per cent."

fixed for domestic partnerships, it was unnecessary to decide whether or not the latter was legally or equitably estopped from appearing now as a foreign partnership; that plaintiff itself, upon paying tax to the Treasurer of Puerto Rico on the net profits obtained by it from its local activities, admitted that its entire net profits were derived from sources within Puerto Rico; and that this is a clear case of taxable income derived from sources within Puerto Rico, the withholding at the source being mandatory as concerns the profits of nonresident members; that "in its judgment, § 19 (a) (2) of the Act was not applicable" and that "whether plaintiff is considered a domestic partnership . . . or any other thing, we have before us a net income totally derived within Puerto Rico and assessed herein; that is, a typical case of withholding tax at the source of the tax on that part of the net income which should be distributed to nonresidents, not citizens of Puerto Rico." After these considerations, the court rendered judgment sustaining the Treasurer's determinations but readjusting them so as to eliminate from the net income taxable to the members the share of Manwaring, resident herein.

Plaintiff appealed. It urges in its brief that the Tax Court erred in deciding that: (1) (a) plaintiff is not a "partnership" (*sociedad*) under § 2 (3) of the Income Tax Act; (1) (b) that Act does not include partnerships which are not juridical persons; (2) the provisions of § 19 (a) (2) of the Income Tax Act are not applicable to the profits distributed to plaintiff's nonresident members; (3) in assuming that a foreign partnership or corporation attains juridical personality by virtue of being allowed to do business in Puerto Rico; (4) in not considering uncontroverted oral and documentary evidence that in 1944 the Treasurer of Puerto Rico had notified plaintiff of and assessed deficiencies on plaintiff with respect to the years 1936, 1937 and 1938, expressly on the basis that plaintiff was a foreign partner-

ship; and (5) that the decision and judgment appealed from deprive plaintiff of the equal protection of the laws and of the due process of law guaranteed by the Constitution of the United States and by the Organic Act of Puerto Rico, in force at the time judgment was rendered.

As already seen, plaintiff's fundamental contention is that it is not obliged to withhold any tax at the source because (*a*) plaintiff is a branch of a partnership organized in New York and because (*b*) more than 20 per cent of the total of its income has not been derived from sources within Puerto Rico. It bases its contention on the provisions of § 19 of the Income Tax Act (No. 74 of August 6, 1925, Sess. Laws, p. 400), as amended by Act No. 31 of April 12, 1941 (Sess. Laws, pp. 478, 508), essentially providing that:

"(*a*) In the case of a nonresident individual not a citizen of Puerto Rico the following items of gross income shall be treated as income from sources within Puerto Rico.

"(1) . . . . . . . .

"(2) *The amount received as partnership profits* or dividends from a domestic corporation or other than a corporation, *when more than twenty (20) per centum of its gross income has been derived from sources within Puerto Rico, as determined under the provisions of this Section* . . ." (Italics ours.)

The partnership is defined by our Civil Code as "a contract by which two or more persons bind themselves to contribute money, property or industry to a common fund, with the intention of dividing the profits among themselves." Section 1556 of the Civil Code, 1930 ed. Section 1558 of the same legal body provides, moreover, that: "Civil partnerships may be established in any form whatever, unless when real property or property rights should be contributed to the same, in which case a public instrument shall be necessary." See *Colón* v. *Roig*, 7 P.R.R. 37. The Code of Commerce does not specifically define the partnership, but provides in its

§ 95 that "articles of association by which two or more persons obligate themselves to place in a common fund any property, industry, or any of these things, in order to obtain profit, shall be commercial, no matter what its class may be, provided it has been established in accordance with the provisions of this Code. After a commercial association has been established, it shall have legal representation in all its acts and contracts"; in its § 96 that "a commercial company contract executed according to the essential requisites of laws shall be valid and binding among the parties thereto, no matter what the licit and honest form, conditions, and combinations thereof may be, provided they are authorized by this Code or by special laws"; and in its § 98 that every commercial company shall record its establishment by a public instrument and shall be presented for record in the mercantile registry. We are not dealing here, however, with a mercantile company or partnership. We are dealing rather with a civil partnership.

According to § 2 (a) (3) of the Income Tax Act, as amended by Act No. 31 of 1941, *supra*:

"The term 'partnership' include civil, business, industrial, agricultural and *professional* partnerships or of any other kind, whether or not its constitution is set forth by public deed or private document; and it shall include, further, two or more persons, under a common name or not, engaged in a joint venture for profit." (Italics ours.)

According to § 2 (a) (4) of the same Act:

"The term 'domestic' when applied to corporations or partnerships means those created or organized in Porto Rico under the laws of Porto Rico."

And according to § 2 (a) (5):

"The term 'foreign' when applied to corporations or partnerships means all those which are not domestic."

It is undisputed that the plaintiff was a partnership (*sociedad*) under both the Civil Code and the Income Tax

Act, engaged in the practice of accountancy in Puerto Rico. In fact, the firm made an income tax return as a partnership (*sociedad*) and paid a tax as such as required by our Income Tax Act.

Although the plaintiff is a partnership (*sociedad*), I cannot agree that it is a foreign partnership (*sociedad*). I have pointed out that ". . . the term 'partnership' is not used in our Income Tax Act in the common-law sense. It is a translation of the term '*sociedad*' found in the civil law. And a *sociedad* is a juridical person apart from the members thereof . . ." *Ballester* v. *Court of Tax Appeals*, 61 P.R.R. 460, 478, cited with approval in *Treas.* v. *Tax Court & Community of Fajardo*, 70 P.R.R. 93, 100. Under this definition, there is no partnership (*sociedad*) as we know it in New York. The plaintiff proved that a firm of the same name, composed of the same members, has its main office in New York, where it functions as a common law partnership and where under Federal Income Tax Law it is required to make only an informational return and pays no tax as a common law partnership. See Little, *Federal Income Taxation of Partnerships*, 1952 ed., § 2.1; 6 Mertens, *Law of Federal Income Taxation*, § § 35.01, 35.03 and 35.06. This New York firm, which is not, for tax purposes, a juridical person apart from its members, is not a partnership (*sociedad*) under our Income Tax Act. *Cf. Commissioner* v. *Tower*, 327 U. S. 280, 287–288; *Ballester* v. *Descartes*, 181 F.2d 823, 831. The plaintiff is therefore not a foreign partnership (*sociedad*), doing business in Puerto Rico, as defined in § 2 (*a*) (3) (4) and (5) of the Act.

We thus see that the plaintiff, although a partnership (*sociedad*), is not a foreign partnership (*sociedad*). Consequently, for our purposes, its operations as a partnership (*sociedad*) are confined to Puerto Rico. As such, 100 per cent of its income is derived from sources in Puerto Rico. Accordingly under § 19 (*a*) (2) of the Income Tax Act, *supra*,

plaintiff was required to withhold the tax on the profits distributed to its nonresident members.[4]

The lower court did not actually decide that plaintiff was a partnership (*sociedad*), as the term is defined in § 2(*a*) (3) of the Income Tax Act. Although it erred, on that point, its final conclusion is correct and an appeal is taken from the judgment rendered and not from the reasonings of the opinion on which the judgment is based. Whether or not the court erred in deciding that a foreign corporation or joint stock company acquires juridical personality, upon being permitted to do business in Puerto Rico, is a question which is now irrelevant. Moreover, accepting, for the sake of argument, that the court erred in that respect, such an error is not reversible in a case like the present one.

Likewise, the fact that the Tax Court did not consider the oral and documentary evidence to the effect that in 1944 the Treasurer of Puerto Rico notified and assessed deficiencies to plaintiff for the tax years 1936 to 1938 because the latter was a foreign partnership is unimportant. If after a subsequent examination of the question the Treasurer believed that plaintiff was a domestic partnership, there was nothing to bar him from proceeding against it as such.

Plaintiff being, as we now conclude, a domestic civil partnership earning all its income from sources within Puerto Rico, the fact that it is required to withhold at its source the amount of tax which its nonresident members not citizens

---

[4] Section 22 of the Income Tax Act in its pertinent part provides as follows:

"Every person, in whatever capacity acting, including . . . every corporation and partnership having the control, receipt, custody, disposal, or payment of interest, rent, salaries, wages, commissions, premiums, annuities, compensations, remunerations, emoluments, or other gains, dividends, participation in partnership and corporation profits, and other fixed or determinable annual or periodical profits or income, of any nonresident individual not a citizen of Puerto Rico, shall . . . deduct and withhold from such annual or periodical gains, dividends, profits and income, a tax equal to twenty-nine (29) per cent thereof; . . ."

should pay on the partnership profits creates no legal discrimination and does not deprive plaintiff of due process of law.

In my opinion, the judgment appealed from should be affirmed.